UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT RYUICHI MITSUGI,<br><br>                Petitioner,<br><br>v.<br><br>ENUJI JUNG,<br><br>                Respondent. | Civil Action<br><br>**IN THE MATTER OF KLM,<br>A CHILD UNDER THE AGE OF 16, AND<br>RHM, A CHILD UNDER THE AGE OF 16** |

### VERIFIED PETITION FOR RETURN OF KLM AND RHM
### PURSUANT TO THE HAGUE CONVENTION ON THE
### CIVIL ASPECTS OF INTERNATIONAL CHILD ABDUCTION

This is an action pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, which was concluded on October 25, 1980 and adopted by the United States of America as 22 U.S.C. §§ 9001 *et seq*. (the "Convention"). By this action, Petitioner Robert Ryuichi Mitsugi ("Mitsugi") seeks an order commanding Respondent Enuji "Skye" Jung ("Respondent") to return their shared children, KLM and RHM (the "Children")[1] to Mitsugi's lawful custody and care in the Children's place of habitual residence, Japan.

### JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because it arises under a treaty of the United States. This Court also has subject matter jurisdiction over this case pursuant to 22 U.S.C. § 9003(a), because this action involves the wrongful retention of children under the age of sixteen from Japan, a Contracting State under the

---

[1] The Petition identifies the Children only by initials and year of birth. FED. R. CIV. P. 5.2.

Hague Convention,[2] to the United States, another Contacting State under the Hague Convention.[3] Under 22 U.S.C.A. § 9003(b),

> [a]ny person seeking to initiate judicial proceedings under the Convention for the return of a child or for arrangements for organizing or securing the effective exercise of rights of access to a child may do so by commencing a civil action by filing a petition for the relief sought any court which has jurisdiction in the place where the child is located at the time the petition is filed.

The listed provisions of United States law affirm this Court's subject matter jurisdiction over this action.

2. This Court has personal jurisdiction over Respondent and the Children because, upon information and belief, they are currently located in Manhattan, New York, which is within the Southern District of New York.

3. This Court is the proper venue for this action because, upon information and belief, Respondent and the Children are currently located in Manhattan, New York, within the Southern District of New York.

## **LEGAL STANDARD**

4. The Hague Convention applies when children under the age of sixteen years have been removed or retained from their habitual residence in breach of a petitioner's rights of custody under the law of a Contracting State.

5. The goals of the Hague Convention are to: (1) secure the prompt return of children wrongfully removed to or retained in any Contracting State; and (2) ensure that rights of custody and access under the law of one Contracting State are effectively respected by the other Contracting State, from which the child was removed or retained.[4]

---

[2] Japan became a signatory to the Hague Convention on April 1, 2014.

[3] The United States codified the Hague Convention under 22 U.S.C.A. § 9001 *et seq.* (2014).

[4] *See* Hague Convention, art. 1.

6. The Convention does not settle any underlying child custody disputes, but instead serves to return children to their circumstances prior to the unlawful removal or retention.[5]

7. The Hague Convention is applicable to this matter, because: (1) immediately prior to Respondent's wrongful removal and retention of the Children, the Children had not yet attained the age of sixteen years; [6] and (2) the Children habitually resided in Japan, a Contracting State under Article 4 of the Hague Convention.[7] Moreover, Respondent has wrongfully retained the Children in the United States, another Contracting State, in blatant violation of Mitsugi's custodial rights of the Children under Japanese law and as defined by the Hague Convention.

8. Mitsugi has the right of custody of the Children within the meanings of Articles 3[8] and 5[9] of the Hague Convention.

## FACTUAL BACKGROUND

A. **The Children**

1. **Life in Japan**

9. KLM and RHM only place of residence before their removal from Japan by Respondent. The both were enrolled in school in Japan and have both family and friends in Japan.

---

[5] *See* Hague Convention, art. 29 ("This Convention shall not preclude any person, institution or body who claims that there has been a breach of custody or access rights within the meaning of Article 3 or 21 from applying directly to the judicial or administrative authorities of a Contracting State, whether or not under the provisions of this Convention."); 22 U.S.C. § 9001(b)(2) (stating that the procedures set forth by the law are meant to enforce the provisions of the Convention).

[6] *See* Exhibit A, Passport of KLM, issued 13 May 2015 (true and accurate copy) (redacted); Exhibit B, Passport of RHM, issued 11 Jan. 2023 (true and accurate copy) (redacted).

[7] Hague Convention art. 4 ("The Convention shall apply to any child who was habitually resident in a Contracting State immediately before any breach of custody or access rights. The Convention shall cease to apply when the child attains the age of 16 years.").

[8] Hague Convention, art. 3(a)-(b) ("[I]t is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and [] at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.").

[9] Hague Convention, art. 5(a) ("'[R]ights of custody' shall include rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence.").

10. KLM was born in January 2015, in New York, New York, to the marital union of Mitsugi and Respondent.

11. In October, 2016, Mitsugi, Respondent, and KLM moved to Tsudanuma, Narashino City, Chiba Prefecture, Japan.

12. Chiba Prefecture, Japan has been KLM's only place of residence.

13. KLM attended preschool, kindergarten, and first grade in Japan.

14. In December 2021, during KLM's first grade winter break, Respondent unlawfully removed KLM from Japan and since retained KLM in the United States.

15. RHM was born in June 2017, in Seoul, South Korea, to the marital union of Mitsugi and Respondent. Respondent spent approximately four weeks in South Korea with RHM before they returned to Japan.

16. Since 2017, Chiba Prefecture, Japan has been KLM's only place of residence.

17. RHM attended daycare and pre-kindergarten in Japan.

18. In December 2021, Respondent unlawfully removed RHM from Japan and has since retained RHM in the United States.

19. Mitsugi has the right of custody of both KLM and RHM under the laws of Japan and within the meanings set forth by the Hague Convention.

### 2. Wrongful Removal from Japan and Retention in the United States

20. Upon, information and belief, on or about December 10, 2021, Respondent absconded with the Children from Japan and traveled to Seoul, South Korea without Mitsugi's knowledge or consent.

21. Mitsugi began tirelessly searching for the Children when finding their home had been vacated. He began his search by repeatedly trying to contact Respondent over Facebook Messenger. When Respondent did not return his calls, Mitsugi reached out to Respondent's friends and family, and then Japanese authorities.

22. Eventually, Mitsugi learned Respondent brought the Children to Seoul, South Korea. Mitsugi immediately began preparing the requisite paperwork to return the Children to Japan from Seoul, South Korea.

23. Mitsugi was in the process of filing his request when he discovered Respondent left South Korea with the Children.

24. Upon information and belief, on or about January 11, 2022, Respondent and the Children arrived in New York City, New York.

25. On January 11, 2022, Mitsugi received a message via Facebook Messenger from KLM, **not** Respondent, that stated that KLM and sibling RHM were in the United States with Respondent.

26. On January 19, 2022, after several days of pleading with Respondent to amicably return the Children to Japan, Mitsugi submitted an application to the Minister of Foreign Affairs in Japan for assistance with the Children's return to Japan.

27. On or about February 17, 2022, Respondent, via Facebook Messenger, sent Mitsugi an address in New York and asked that Mitsugi send the Children toys from Japan. The address sent was 220 West 111th Street, Apt 3C, New York City, New York, 10026, which Mitsugi later learned was the home address of a friend of Respondent, not where the Respondent was housing the Children.

28. On or about April 3, 2022, Respondent, via Facebook Messenger, told Mitsugi directly that she would not return the Children to Japan to live or visit Mitsugi and if he wanted to see the Children, he would have to come to New York.

29. On or about June 28, 2022, Respondent, via Facebook Messenger, sent Mitsugi a photograph of RHM holding a "Pre-Kindergarten Certificate" indicating that RHM is attending P.S. 165 Robert E. Simon, which is located at 234 W 109th St, New York, NY 10025.

30. As of the date of this Petition, Respondent remains in the United States with the Children. Upon information and belief, Respondent intends to remain in the United States with the Children, and has no intention of returning the Children to their place of habitual residence, Japan.

### B. Exercising the Rights of Custody

31. Mitsugi has custodial rights over the Children under the laws of Japan, and had those custodial rights immediately prior to the Children's wrongful removal from Japan.

32. From December 10, 2021 to the date of this Petition, Respondent has wrongfully retained the Children in the United States against the wishes of the Children's father, Mitsugi, and refuses to return the Children to Mitsugi in Japan.

33. Mitsugi has exercised his parental rights and demanded that Respondent voluntarily return the Children to Japan and thereby avert any need to involve the judicial system in this dispute.

34. On January 19, 2022, finding no hope for voluntary resolution, Mitsugi exercised his parental rights by filing a Request for Return and Application for Assurance of Effective Exercise on Access Rights with the Ministry of Foreign Affairs of Japan, which was relayed to the U.S. Central Authority for the Hague Convention on the Civil Aspects of International Child Abduction.

### CLAIMS FOR RELIEF

### COUNT 1: JUDGMENT UNDER ARTICLES 3, 12, AND 13 OF THE HAGUE CONVENTION

35. Petitioner hereby realleges and incorporates the allegations in Paragraphs 1-34 above as though fully set forth herein.

36. The Convention applies to the Children and this action because the Children have not yet attained the age of sixteen years, were habitual residents of Japan immediately before being taken to the United States, and have been wrongfully retained in the United States.

37. As of December 10, 2021, Respondent has wrongfully retained the Children in the United States within the meaning of Article 3 of the Convention.

38. At all times, including the time of the wrongful retention, Petitioner Mitsugi was exercising his right of custody as it relates to the Children, and Mitsugi would have continued to do so but for the "wrongful retention," within the meaning of Article 3 of the Convention.

39. Mitsugi's right of custody has been breached within the meanings of Articles 3 and 5 of the Convention.

### COUNT 2:  JUDGMENT UNDER ARTICLES 5, 7, 21, AND 26 OF THE HAGUE CONVENTION (PLEADED IN THE ALTERNATIVE)

40. Petitioner hereby realleges and incorporates the allegations in Paragraphs 1-39 above as though fully set forth herein.

41. The Convention applies to the Children and this action because the Children have not yet attained the age of sixteen years, were habitual residents of Japan immediately before being taken to the United States, and have been wrongfully retained in the United States.

42. Petitioner Mitsugi is a person who has a right of access over the Children, for whom this petition is filed within the meaning of Article 5 of the Convention.  Mitsugi's right of access has been breached within the meaning of the Convention.

43. As of December 10, 2021, Respondent has wrongfully prevented Petitioner Mitsugi from exercising his right of access within the meaning of the Convention.

44. At all times, prior to December 10, 2021, Petitioner Mitsugi was exercising his right of access as it relates to the Children, and Mitsugi would have continued to do so but for the wrongful prevention within the meaning of the Convention.

WHEREFORE, Petitioner respectfully requests that this Court immediately issue an order:

Requiring the Respondent to turn over to this Court all passports in her name and in the name of the Children for the duration of this dispute.

WHEREFORE, Petitioner respectfully requests that this Court issue a second order:

(1) Determining that KLM was wrongfully retained by Respondent pursuant to Article 3 of the Hague Convention;

(2) Determining that RHM was wrongfully retained by Respondent pursuant to Article 3 of the Hague Convention;

(3) Mandating the immediate return of the Children to the Petitioner in Japan, pursuant to Articles 12 and 13 of the Hague Convention;

(4) Requiring Respondent to compensate Petitioner for all costs expended for the resolution of this dispute;

(5) To the extent the Court determines that Petitioner has a right of access, ordering Respondent to pay the costs of visitation and make other provisions for visitation with the Children that this Court deems just; and

(6) Such other and further relief that the Court deems equitable and proper.

Dated:   New York, New York
         September 20, 2022

By:   /s/ M. Hannah Koseki
      M. Hannah Koseki
      Imani C. Tisdale
      Laurel M. Ruza
      Saul P. Morgenstern

      250 West 55th Street
      New York, NY 10019-9710
      Telephone: +1 212.836.8000
      Fax: +1 212.836.8689
      Imani.Tisdale@arnoldporter.com
      Hannah.Koseki@arnoldporter.com
      Laurel.Ruza@arnoldporter.com
      Saul.Morgenstern@arnoldporter.com

      *Attorneys for Petitioner*
      *Robert Ryuichi Mitsugi*