UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**ROBERT RYUICHI MITSUGI,**

        Plaintiff,

**ANSWER**[1]

*vs.*

Docket No.: 1:22-cv-08025-LGS

**EUNJI JUNG**

        Defendant.

## Jurisdiction

1. Denied to the characterization of the children's retention as "wrongful." Admitted as to all other allegations in this paragraph.
2. Admitted
3. Admitted

## Legal standard

4. This paragraph contains conclusions of law to which no response is required. Insofar as a response may be deemed required, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation(s).
5. This paragraph contains conclusions of law to which no response is required. Insofar as a response may be deemed required, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation(s).
6. This paragraph contains conclusions of law to which no response is required. Insofar as a response may be deemed required, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation(s).
7. As to (1), denied that the removal and retention of the Children was wrongful; admitted as to all other allegations in part one of this paragraph. As to (2), denied that retention of the Children was "wrongful" and denied that it was "in blatant violation of Mitsugi's custodial rights of the Children under Japanese law and as defined by the Hague Convention;" admitted as to all other allegations in part two of this paragraph.
8. Denied.

## Factual Background

9. Denied that "[t]he Children's only place of residence was Japan." Admitted as to all other allegations in this paragraph.
10. Admitted
11. Admitted

---

[1] Portions of this document were prepared with assistance from the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the SDNY.

12. Denied.
13. Admitted
14. Denied as to the characterization of Respondent's removal of KLM as "unlawful." Admitted as to all other allegations in this paragraph.
15. Admitted.
16. Admitted
17. Admitted
18. Denied as to the characterization of Respondent's removal of RHM as "unlawful." Admitted as to all other allegations in this paragraph.
19. Denied

### "Wrongful" Removal from Japan and retention in the United States

20. Admitted that Respondent traveled to Seoul, South Korea with the Children. Denied as to the date, that "Respondent absconded with the Children," and that travel was "without Mitsugi's knowledge or consent."
21. Admitted that Plaintiff occasionally contacted Defendant on Facebook Messenger. Denied as to Defendant not returning Plaintiff's calls. Defendant lacks sufficient knowledge or information to form a belief about the truth of all other allegation(s) in this paragraph.
22. Admitted that "Mitsugi learned Respondent brought the Children to Seoul, South Korea. Defendant lacks sufficient knowledge or information to form a belief about the truth of all other allegation(s) in this paragraph. .
23. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation(s) in this paragraph
24. Admitted as to the location but denied as to the date.
25. Denied.
26. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation(s) in this paragraph
27. Denied as to the allegation that this was not the address where Respondent was housing the Children on February 17, 2022. Admitted as to all other allegations in this paragraph.
28. Denied as to the allegation that Respondent told Mitsugi that she would not return the Children to Japan to visit Mitsugi and denied insofar as the allegation implies that Respondent told Mitsugi that he could only visit the Children in New York. Admitted to the allegation that Respondent told Mitsugi that he could visit the Children in New York via a Facebook Messenger conversation on or about April 3, 2022.
29. Denied as to the date. Admitted as to all other allegations in this paragraph.
30. Denied insofar as the allegation implies that Respondent would not allow the Children to visit Japan. Admitted as to all other allegations in this paragraph.
31. Denied to the whole paragraph
32. Denied as to the characterization of the retention of the children as "wrongful" l and denied insofar as the allegation implies that Respondent would not allow the Children to visit Plaintiff in Japan. Admitted as to all other allegations in this paragraph.
33. Denied.

34. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation(s) in this paragraph.

## Claims for Relief

35. The defendant incorporates each of her preceding answers to Plaintiff's allegations, as though the same were set forth here at length.

36. Denied as to the characterization of the retention of the children as "wrongful." Admitted as to all other allegations in this paragraph.
37. Denied.
38. Denied.
39. Denied.
40. The defendant incorporates each of her preceding answers to Plaintiff's allegations, as though the same were set forth here at length.
41. Denied as to the characterization of the retention of the children as "wrongful." Admitted as to all other allegations in this paragraph.
42. Denied
43. Denied
44. Denied

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
Plaintiff has not stated any claim upon which relief may be granted.

### Second Affirmative Defense
At all relevant times, Plaintiff does not and did not have a right of custody over the Children.

### Third Affirmative Defense
To the limited extent that Plaintiff has a right of custody over the Children, at all relevant times, Defendant has and previously had the sole right to determine the Children's place of residence.

### Fourth Affirmative Defense
To the extent that Plaintiff has a right of custody over the Children, at all relevant times, Plaintiff did not exercise that/those custody right(s).

### Fifth Affirmative Defense
Plaintiff acquiesced to the removal of the Children.

### Sixth Affirmative Defense
The Children are of a certain age and maturity and object to being returned to Japan.

**Seventh Affirmative Defense**

The Children are well-settled in their new environment.

**Eighth Affirmative Defense**

The return of the Children would expose them to grave risk of physical or psychological harm, or would otherwise place the children in an intolerable situation.

**WHEREFORE** defendant asks this Court to dismiss the complaint and enter judgment in favor of the defendant.

Dated: November 8, 2022

 /s/Eunji Jung
Eunji Jung, *Pro Se*

935 Saint Nicholas Ave
Apartment 4B
New York, NY 10032
Tel:  (646) 808-5124
Email: eunji.skye.jung@gmail.com