

Kathleen Young
keyoung@cravath.com
T+1-212-474-1525
New York

March 14, 2023

*Mitsugi v. Jung*, No. 1:22-cv-8025-LGS

Dear Judge Schofield:

      Pursuant to the Court's Order dated March 13, 2023 (Dkt. No. 46), Robert Ryuichi Mitsugi ("Petitioner") and Eunji Jung ("Respondent") (together, the "Parties") respectfully submit this joint status letter updating the Court with respect to the following: (i) what discovery has taken place, (ii) the procedural history of the case to date, (iii) the Parties' plans to ensure that they meet the Court ordered discovery deadlines, (iv) the progress of mediation, and (v) the status of proceedings involving the parties in Japan.

I.    **What Discovery Has Taken Place**

    A.    **What discovery requests have been propounded, who propounded each request and on what date**

      On January 20, 2023, Petitioner served an Amended Set of Interrogatories, Requests for Production and Requests for Admission.

      On February 20, 2023, Respondent propounded her First Set of Requests for the Production of Documents from Petitioner, and on February 26, 2023, served Petitioner with her First Sets of Interrogatories and Requests for Admission.

    B.    **What responses were made, who made each response and on what date**

      On March 6, 2023 Respondent served her Responses and Objections to Petitioner's Amended Set of Interrogatories, Requests for Production and Requests for Admission.

      Petitioner has not yet responded to Respondent's discovery requests but intends to do so before the close of fact discovery.

**NEW YORK**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

C. **The volume of documents produced, who produced the documents and when**

Pursuant to the Court's December 1, 2022 Order (Dkt. No. 19, Dec. 1, 2022), the Parties have produced documents in their possession relating to the family court proceeding in Japan. On December 16, 2022, Petitioner produced 8 documents, each ranging from 2 to 20 pages in length. On March 9, 2023, Petitioner produced two additional documents. One of these documents was 35 pages and the other was 10 pages.

On December 3, 2022 and December 14, 2022, while representing herself *pro se*, Respondent produced 28 documents to Petitioner, with the documents ranging from 1 to 34 pages in length. After engaging counsel, on March 6, 2023, Respondent produced 121 documents in response to Petitioner's Request for the Production of Documents. This production spanned a total of 603 pages and included Bates-numbered versions of documents that Respondent had previously produced.

II. **The Procedural History of the Case to Date**

A. **What pleadings have been filed, who filed each pleading and on what date**

On September 20, 2022, Petitioner filed the Verified Petition for Return of KLM and RHM Pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (Dkt. No. 1);

On September 29, 2022, Petitioner filed an Amended Verified Petition for Return of KLM and RHM Pursuant to the Hague Convention on the Civils Aspects of International Child Abduction (Dkt. No. 5);

On October 25, 2022, the Parties filed a Notice of Joint Agreement and Request for Extension of Time for Respondent's Answer to the Amended Verified Petition for Return of KLM and RHM Pursuant to Hague Convention (Dkt. No. 11);

On November 8, 2022, Respondent filed her Answer to Petitioner's Amended Verified Petition (Dkt. No. 15);

On November 23, 2022, the Parties filed a Joint Letter to the Court, including the Proposed Civil Case Management Plan and Scheduling Order (Dkt. No. 18);

On December 22, 2022 the Parties filed a Joint Request to Reset Mediation Date (Dkt. No. 23);

On December 29, 2022 the Parties filed a Joint Status Letter (Dkt. No. 25);

On January 18, 2023, the Parties filed a Joint Letter Requesting an Extension of the Discovery Deadline (Dkt. No. 27);

On February 14, 2023, Respondent filed a Letter Requesting an Extension of the Case Management Plan (Dkt. No. 32);

On February 22, 2023, the Parties filed a Joint Status Letter (Dkt. No. 34);

On March 3, 2023, Petitioner filed a Letter Requesting to Redact a Portion of the November 30, 2022 Preliminary Conference Transcript (Dkt. No. 38);

On March 3, 2023, the Parties filed a Joint Status Letter Regarding Expert Testimony (Dkt. No. 40);

On March 9, 2023, Respondent filed a Letter Regarding the Cost of a Neutral Expert and the Deadline for Summary Judgment Pre-Motion Letters (Dkt. No. 43);

On March 10, 2023, Petitioner filed a Letter Regarding the Cost of a Neutral Expert (Dkt. No. 44);

And, on March 10, 2023, Petitioner filed a letter Opposing Respondent's Request for an Extension of the Deadline for Summary Judgment Pre-Motion Letters (Dkt. No. 45).

B. **What motions, if any, have been filed, who filed each motion and on what date each motion was filed**

No motions have been filed in this case.

C. **What motions, if any, are currently pending and, for each pending motion, the date it was or is scheduled to be fully briefed**

No motions are pending in this case.

III. **The Parties' Plans to Ensure They Meet the Court Ordered Discovery Deadlines**

The Parties have been working diligently to ensure they meet the Court ordered discovery deadlines. Respondent has substantially completed her document productions and has no further outstanding discovery requests to which she owes responses. As noted *supra*, Petitioner intends to respond to Respondent's outstanding discovery requests before the close of fact discovery on March 24, 2023.

Petitioner took the deposition of Respondent on March 10, 2023. Respondent will depose Petitioner on March 20, 2023 and March 21, 2023.

The Parties met and conferred on March 14, 2023 to discuss the Court's most recent Order (Dkt. No. 46), requiring the Parties to submit a joint expert report.[1] Unless the joint report reflects significant conflicts between the experts' opinions, the Parties are hopeful that they will not require expert depositions. In the event such depositions are necessary, the Parties propose taking any such depositions within a week of filing the joint expert report on

---

[1] Respondent's understanding is the Court has asked the Parties to submit a joint expert report only on the issues of Japanese law. While Respondent has also engaged a child psychology expert to support her grave risk defense, Respondent does not believe the recent Order requires a joint report on that issue.

3

April 5, 2023 and prior to the April 12, 2023 deadline to submit pre-motions letter for summary judgment.

Respondent's psychology expert plans to provide his Rule 26(a)(2)(B) report by March 22, 2023. Because the Parties dispute whether Respondent disclosed her intention to engage this expert, the Parties have included both of their positions below.

*Petitioner's Position*: Petitioner was informed of Respondent's intention to engage a child psychology expert at the date of this filing. Petitioner objects to Respondent's engagement of the child psychology expert as untimely and irrelevant. Respondent did not disclose her intention to retain a psychology expert during any previous status conferences or letters filed with the Court. A child psychology expert report is also irrelevant to the narrow dispute at hand. Respondent has further produced psychological reports taken in Japan.

*Respondent's Position*: In a joint status letter filed on February 22, 2023, the Parties noted that "Respondent is also in the process of engaging an expert that can speak to issues pertinent to available defenses to alleged Hague Convention violations including, the grave risk defense". Thus, Respondent "disclose[d] her intention to retain" this expert. Additionally, this testimony from a psychologist is plainly relevant to assessing whether returning the children to Japan to live with the Petitioner would expose them to a grave risk of physical or psychological harm.

IV. **Mediation Progress**

The Parties participated in the Southern District of New York Mediation Program, as ordered by this Court (*see* Dkt. Nos. 19, 20), and most recently met on February 21, 2023. While the Parties attempted in good faith to resolve this dispute through mediation, it appears that the Parties have reached impasse and that a settlement is unlikely.

V. **Status of Divorce Proceedings in Japan**

The divorce proceedings in Japan are ongoing and the timing of when the action will be resolved remains unclear.

Respectfully Submitted,

By:   /s/ Imani C. Tisdale  
Imani C. Tisdale  
Arnold & Porter Kaye Scholer LLP  
250 West 55th Street  
New York, NY 10019-9710  
Telephone: +1 212-836-8000  
Fax: +1 212-836-8689  
Imani.Tisdale@arnoldporter.com  

*Attorney for Petitioner*  
*Robert Ryuichi Mitsugi*

By:   /s/ Kathleen E. Young  
Kathleen E. Young  
Charlotte C. Rothschild  
Cravath, Swaine & Moore LLP  
825 8th Avenue  
New York, NY 10019-7416  
Telephone: +1 212-474-1000  
Fax: +1 212-474-3700  
keyoung@cravath.com  
crothschild@cravath.com  

*Attorneys for Respondent*  
*Eunji Jung*

The Honorable Lorna Schofield  
  Southern District of New York  
    United States Courthouse  
      40 Centre Street, Courtroom 1106  
        New York, NY 10601  
VIA ECF