**CRAVATH**

Kathleen Young
keyoung@cravath.com
T+1-212-474-1525
New York

April 5, 2023

Dear Hon. J. Schofield,        Re: *Mitsugi v. Jung*, 1:22-cv-08025-LGS

> Application **GRANTED**. A three-part inquiry determines whether to seal a document. See *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The parties' joint expert report is likely to be central in the exercise of the Court's Article III function, making it a judicial document and one subject to a strong presumption of public access. However, the parties' minor children's interest in privacy and the fact that disclosure of the information sought to be filed under seal is not necessary for the public to understand this dispute rebut this presumption. Accordingly, Dkt. 51 shall remain under seal. So Ordered. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 50.
>
> Dated: April 11, 2023
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

We represent Respondent Eunji Jung ("Respondent") in the above-referenced action. We write, pursuant to Part I.D.3 of Your Honor's Individual Rules of Practice to request that certain documents and portions of certain documents filed in connection with the parties' joint expert report be sealed.

In particular, Respondent respectfully requests that the Court issue an order sealing certain portions of Exhibits 5, 6, 7, 8, 9 and 10 because they contain personally identifying information including email addresses and references to minor children. Additionally, Respondent respectfully requests that the Court issue an order sealing in their entirety Exhibits 3 and 4 because they contain extensive references to personally identifying information of minor children.

Under Part I.D.3 of Your Honor's Individual Rules of Practice, a party must obtain the Court's authority to file partially sealed documents, which is appropriate if "closure is essential to preserve higher values and is narrowly tailored to serve that interest". *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir.1987)). While there is a "common law presumption in favor of permitting public access to judicial documents", the court must consider the "the privacy interests of those resisting disclosure". *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

Federal Rule of Civil Procedure 5.2 elucidates a policy for protecting the identities of minor children in filings. Additionally, it is appropriate that "some portions of [] documents and proceedings must be filed under seal, including the names of minor children". *Savarese v. Cirrus Design Corp.*, No. 09 CIV. 1911 (JGK), 2010 WL 815027, at *1 (S.D.N.Y. Mar. 9, 2010).

**NEW YORK**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

Additionally, it is appropriate to seal documents where necessary to "prevent the unauthorized dissemination of personal information". *See Anderson v. New York City Health & Hosps. Corp.*, No. 16CV1051GBDKHP, 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020) (holding that redaction of "employee's address, social security number, [and] phone number.... vindicate[d] the privacy interest a third-party has in sensitive personal information"). Exhibits 5, 6, 7, 8, 9 and 10 contain personally identifying information such as email addresses that should remain under partial seal.

For the foregoing reasons, Respondent respectfully requests that 5, 6, 7, 8, 9 and 10 should remain sealed in part. Respondent has filed these documents with appropriate redactions. In the documents filed by Respondent, Respondent's redactions are highlighted in yellow. Respondent also respectfully requests that Exhibits 3 and 4 remain under seal in their entirety for the same reasons.

Respondent is available at the Court's convenience should Your Honor have any questions or wish to discuss this request.

Respectfully,

/s/ Kathleen Young

**CRAVATH, SWAINE & MOORE LLP**
Kathleen Young
Charlotte Rothschild
Tala Doumani
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
keyoung@cravath.com
crothschild@cravath.com
tdoumani@cravath.com

*Attorneys for Respondent Eunji Jung*

The Honorable Lorna Schofield
   Southern District of New York
      United States Courthouse
         40 Centre Street, Courtroom 1106
           New York, NY 10601
VIA ECF

## APPENDIX

The following parties and attorneys of record have access to the documents filed under seal.

*Respondent*, Eunji Young

Kathleen E. Young
Charlotte C. Rothschild
Cravath, Swaine & Moore LLP
825 8th Avenue
New York, NY 10019-7416
Telephone: +1 212-474-1000
Fax: +1 212-474-3700
keyoung@cravath.com
crothschild@cravath.com
*Attorneys for Respondent
Eunji Jung*

*Petitioner*, Robert Mitsugi

Imani C. Tisdale
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: +1 212-836-8000
Fax: +1 212-836-8689
Imani.Tisdale@arnoldporter.com
*Attorney for Petitioner Robert
Ryuichi Mitsugi*