Arnold & Porter

April 28, 2023

**VIA ECF**

The Honorable Lorna Schofield
United State District Judge
Southern District of New York
40 Foley Square, Courtroom 1106
New York, NY 10007

Re: *Mitsugi v. Jung*, 1:22-cv-08025-LGS

Dear Judge Schofield:

We represent Petitioner Robert Ryuichi Mitsugi. We respectfully submit this letter in support of Petitioner's request to file a motion for summary judgment.

Petitioner seeks an order compelling Respondent Eunji Jung to return their children, KLM and RHM[1] ("Children"), to Japan pursuant to the Hague Convention on the Civil Aspects of International Child Abduction. *See* 22 U.S.C. §§ 9001 *et seq*. ("Convention"). Because Petitioner will be able to establish, as a matter of law, a *prima facie* case under the Convention, and because Respondent cannot establish the existence of any applicable exception, summary judgment in favor of the Petitioner is appropriate.

## I. Undisputed Facts

Petitioner and Respondent were married on July 5, 2013 in New York. Joint Expert Report (Dkt. No. 54), 2. In January 2015, KLM was born in New York. *Id.* In June 2015, Petitioner, Respondent, and KLM moved to Japan. *Id.* RHM was born in South Korea in June 2017. *Id.* Following their births, the Children lived in Japan for the majority of their lives and were living in Japan immediately prior to their removal. *Id.* at 3.

On August 18, 2020, the parties separated and entered into a temporary mediation agreement ("Agreement"). *Id.* at 4. Under paragraph 1 of the Agreement, Respondent was appointed as *kangosha* of KLM and RHM, and under paragraph 3 Petitioner was entitled to visit the Children according to terms agreed upon by the parties. *See* Joint Expert Report, Exs. 7, 8 (Mediation Agreement in Japanese and English). The parties agreed that Petitioner would be entitled to regular visits with the Children. Joint Expert Report, 4.

In December 2021, Respondent moved the Children, without consent by Petitioner, from Japan to the United States. *Id.* At the time of their removal Petitioner exercised his

[1] This memorandum identifies the children only by initials and year (not exact date) of birth. *See* FED. R. CIV. P. 5.2.

rights to regularly visit with the Children. *See e.g.*, Joint Expert Report, Ex. 9 (E-mail communications between Petitioner and Respondent regarding visitation dates).

On October 14, 2022, after removing the Children from Japan, Respondent filed for divorce in Japanese court. As of this filing, Petitioner and Respondent remain married but separated. The Children currently reside with Respondent in the Southern District of New York.

## II. Petitioner Has Established a *Prima Facie* Case Under the Hague Convention

A parent seeking the return of a child under the Convention must establish, by a preponderance of the evidence, that: "(1) the child was habitually resident in one State and has been removed to or retained in a different State; (2) the removal or retention was in breach of the petitioner's custody rights under the law of the State of habitual residence; and (3) the petitioner was exercising those rights at the time of the removal or retention." *Gitter v. Gitter*, 396 F.3d 124, 130-31 (2d Cir. 2005) (citing 22 U.S.C. § 9003(e)(1)(A)). Once a petitioner establishes his *prima facie* case, "the court must ordinarily order the return of the child forthwith." *Mota v. Castillo*, 692 F.3d 108, 113 (2d Cir. 2012) (internal citations omitted).

### A. The Children Were Habitually Resident In Japan and Were Removed to the United States

It is undisputed that the Children were habitually resident in Japan before Respondent removed them to New York.[2] Both of the Children were raised in Japan, attended school in Japan, speak Japanese, and have friends and family in Japan. Joint Expert Report, Exs. 3, 4 (Due Diligence Report).

### B. Respondent's Removal of the Children Was In Breach of the Petitioner's Custody Rights Under Japanese Law

Respondent's removal of the Children from Japan and retention of the Children in New York is a breach of the Petitioner's custody rights under Japanese law. Petitioner and Respondent were separated, and not divorced, at the time Respondent removed the Children and the parties remain married to this day.

Under the Civil Code of Japan, *shinken* – or parental authority – is shared by the parents until divorce is final. Joint Expert Report, 5. *Shinken* includes, inter alia, the right to care for and educate the child; determine the residence of the child; and to discipline the child. *See* Arts. 820-22 of the Japanese Civil Code. *Kangoken* falls under the umbrella of *shinken*, and includes the daily care of the child. Joint Expert Report, 8. As a matter of

[2] Under the Hague Convention, the habitual residence is determined at the point in time "immediately before the removal or retention." Hague Convention, Art. 3(a).

Japanese law, Petitioner's *menkai-kōryūken*, or visitation rights, are encompassed within *kangoken*. *Id.* at 12-15. Until divorce is final, both parties maintained the right to determine the residence of the Children. *Id.* at 18-19.

Under the temporary mediation agreement, the parties agreed that Petitioner would regularly visit the Children, *see e.g.*, Joint Expert Report, Ex. 9, specifying that Petitioner was "entitled to see the [C]hildren twice a month in person in Japan," Joint Expert Report, 12. Therefore Petitioner had *menkai-kōryūken*, which is part of *kangoken* as stated above. This agreement remains in effect until the parties are divorced under Japanese law. Joint Expert Report, Exs. 7, 8. By unilaterally removing the Children from Japan without Petitioner's consent, Respondent interfered with Petitioner's visitation with the Children and therefore breached the Petitioner's custody rights under Japanese law.

**C. Petitioner Was Exercising His Custody Rights at the Time of the Removal or Retention**

It is undisputed that Petitioner was regularly visiting the Children in Japan, thereby exercising his custody rights, before Respondent wrongfully removed them to the United States. *See e.g.*, Joint Expert Report, Ex. 9. While the Children were in Japan and the Agreement was in place, Petitioner had regular visitations with the Children and only discovered Respondent removed the Children when trying to see them for one of their prescheduled visits. *Id.*

***

For the above stated reasons, Petitioner respectfully requests permission to file for summary judgment and an order compelling the Children's return to Japan.

Respectfully submitted,

By: [signature]

Imani C. Tisdale
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710

cc: All counsel of record (via ECF)