**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007

LORNA G. SCHOFIELD                                                June 15, 2023
DISTRICT JUDGE

> Attn: Christopher Abrams, Citizens Services Specialist-Country Officer
> Office of Children's Issues
> United States Department of State
> Washington D.C. 20520

Dear Mr. Abrams,

This letter is in response to a letter dated June 12, 2023, regarding *Mitsugi v. Jung*, No. 22 Civ. 8025, which is appended hereto. This letter will be filed on the public docket. As the case is currently pending, my ability to discuss it is limited. *See* Code of Conduct for United States Judges, Canon 3(A)(6). I can provide the following information, which is on the public docket:

On September 20, 2022, Petitioner Robert Ryuichi Mitsugi filed a Petition pursuant to the Hague Convention on the Civil Aspects of Child Abduction, adopted by the United States at 22 U.S.C. §§ 9001 *et seq.* On September 29, 2022, Petitioner amended his Petition. On November 8, 2022, Respondent Eunji Jung filed an Answer. An initial pretrial conference pursuant to Federal Rule of Civil Procedure 26(f) was held on November 30, 2022.

The parties engaged in fact and expert discovery relevant to the Petition, which concluded on April 21, 2023. Case management conferences took place on January 4, 2023, and May 10, 2023. The parties participated in mediation offered by the Mediation Program of the Southern District of New York. The mediation was unsuccessful in resolving the parties' dispute. The parties are currently briefing cross-motions for summary judgment. Those motions will be fully briefed on July 12, 2023.

If Respondent's motion for summary judgment is granted, this case will be fully resolved. If Respondent's motion for summary judgment is denied, further proceedings will be necessary. This may include an evidentiary hearing relating to Respondent's affirmative defenses to repatriation. It is therefore not possible to forecast when this case will be fully resolved. Following such resolution, the parties will have the right to appeal any adverse ruling to the Second Circuit Court of Appeals.

If you would like more information regarding the procedural history of this case, please consult the public docket report. As with all cases to which I am assigned, this matter will be decided as expeditiously as possible.

Very truly yours,

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE



**United States Department of State**

*Washington, D.C.   20520*

June 12, 2023

The Honorable Lorna G. Schofield
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

 RE:  *Mitsugi v. Jung*
 Docket Number: 1:22-cv-08025-LGS

Dear Judge Schofield:

It has come to our attention that you currently have a case in your court which has been brought pursuant to the 1980 Hague Convention on the Civil Aspects of International Child Abduction (Convention) and for which a decision has not yet been issued.  We write to inform you that, as more than six weeks have passed since the petition was filed in your court, and pursuant to Article 11 of the Convention, Ryuichi Mitsugi has requested a statement of the reasons for the delay.

For your information, **Article 11** states:

> "The judicial or administrative authorities of Contracting States shall act expeditiously in proceedings for the return of children.
>
> If the judicial or administrative authority concerned has not reached a decision within six weeks from the date of commencement of the proceedings, the applicant or the Central Authority of the requested State, on its own initiative or if asked by the Central Authority of the requesting State, shall have the right to request a statement of the reasons for the delay. If a reply is received by the Central Authority of the requested State, that Authority shall transmit the reply to the Central Authority of the requesting State, or to the applicant, as the case may be."

In addition, the U.S. Supreme Court has instructed, "[a]t both the district and appellate court level, courts should take steps to decide these cases as expeditiously as possible.[1]

---

[1] *Chafin v. Chafin*, 133 S.Ct. 1017, 1020 (2013).

The Convention entered into force between the United States and Japan on April 1, 2014 The International Child Abduction Remedies Act, 22 U.S.C. § 9001 - 9111 (1988) (ICARA) implemented the Convention in the United States.[2]  The U.S. Department of State, Office of Children's Issues, performs the functions of the Central Authority for the United States under the Convention.[3]

After reviewing the information provided, we would appreciate it if you would advise Country Officer Christopher Abrams at the U.S. Department of State as to the status of the case. Please do not hesitate to contact Country Christopher Abrams at JapanIPCA@state.gov if you have any further questions or need additional information.

Please note that this letter should not be construed by the court as constituting an opinion of the United States or the Department of State regarding the merits of the case.  Our purpose is solely to apprise you of the Convention and of the request before you pursuant thereto.

Sincerely,

*Shandalyn Robinson*

On Behalf of Steven W. Anderson
Director
Office of Children's Issues

CC: Imani Tisdale                    CC: Kathleen E. Young, Charlotte C. Rothschild

---

[2] U.S. Department of State regulations implementing the Convention and ICARA can be found at 22 C.F.R Part 94. The Convention is available at 51 Fed. Reg. 10503 (1986) and is a treaty of the United States within the meaning of Articles II and VI of the U.S. Constitution.

[3] The U.S. Department of State, Office of Children's Issues, acts as the U.S. Central Authority for the Convention pursuant to the authority granted by Executive Order 12648 and 22 C.F.R § 94.2.  The Central Authority carries out the functions ascribed to it in Article 7.