# Arnold & Porter

**Imani Tisdale**
+1 212.836.7384 Direct
Imani.Tisdale@arnoldporter.com

June 27, 2023

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> The Court agrees to retain jurisdiction over the parties' agreement until the finalization of the parties' divorce proceedings in Japan. Within seven (7) days of the conclusion of the proceedings in Japan, the parties shall file a joint status letter on ECF stating that such proceedings have concluded. So Ordered.
>
> Dated: June 28, 2023
> New York, New York
>
> *[signature]*
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re:   Joint Status Letter Regarding Stipulation of Dismissal.

***Robert Ryuichi Mitsugi v. Eunji Jung, No. 1:22-cv-08025 (LGS)***

Dear Judge Schofield:

Petitioner Robert Ryuichi Mitsugi ("Petitioner") and Respondent Eunji Jung ("Respondent") (together, "Parties") respectfully submit this joint letter stipulating to the dismissal of the above captioned matter, with prejudice. After extensive negotiations, the Parties have agreed that the attached terms of settlement will protect both of their interests until the finalization of their divorce proceedings in Japan.

The Parties greatly appreciate Your Honor's attention to this matter.

Respectfully submitted,

By: /s/ Kathleen E. Young
Kathleen E. Young
Charlotte C. Rothschild
Cravath, Swaine & Moore LLP
825 8th Avenue
New York, NY 10019-7416
Telephone: +1 212-474-1000
Fax: +1 212-474-3700
keyoung@cravath.com
crothschild@cravath.com

*Attorneys for Respondent*
*Eunji Jung*

By: *[signature]*
Imani C. Tisdale
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: +1 212.836.8000
Fax: +1 212.836.8689
Imani.Tisdale@arnoldporter.com

*Attorneys for Petitioner*
*Robert Ryuichi Mitsugi*

cc:   All Attorneys of Record

## Settlement Terms
*Mitsugi v. Jung*, 1:22-cv-08025-LGS

- **Agreement Term**: Respondent and Petitioner (together, "Parties") agree that this settlement agreement ("Agreement") and the details described herein shall remain in effect only until the finalization of the Parties' divorce proceedings in Japan.

- **Japanese Proceedings**: This Agreement shall have no force or effect, and shall not be introduced, or used for any purpose whatsoever, in any current or future litigation or proceeding in Japan involving Petitioner, Respondent, or the Children, including but not limited to proceedings pertaining to the Parties' divorce or custody of the Children.

- **Divorce Proceedings**: Petitioner and Respondent agree to use their best efforts to expeditiously finalize the divorce in Japan.

- **Remote Visitation**: Unless and until any proceedings in Japan rule or settle to the contrary, Petitioner shall have the option to speak to the Children weekly via video chat through any practical means, including, but not limited to, Zoom, FaceTime, and Facebook Messenger. Respondent shall allow the Children to speak freely throughout these calls and shall not unreasonably interfere with the communication between Petitioner and the Children. Petitioner shall provide at least seven (7) days' written e-mail notice to Respondent of any request to reschedule a weekly call.

- **In-Person Visitation**: Unless and until any proceedings in Japan rule or settle to the contrary, and subject to complications posed by an unforeseen global pandemic (including a resurgence in the Covid-19 pandemic), Petitioner may have the option to visit the Children in person, up to ten (10) days per year during the summer months (June – August) or during the winter holiday season (December – January), in New York, New York ("yearly visit"). During the yearly visit, Petitioner shall be entitled to see the Children daily. The Children shall reside with Respondent for all nights for the duration of Petitioner's yearly visit. Respondent shall have the discretion to require a trained or otherwise accredited supervised-visitation service provider or agency supervise ("third party") Petitioner's in-person visitation with the Children. If a third party supervises the visitation, Petitioner and Respondent shall equally share the cost of those services. Petitioner shall not leave the States of New York or New Jersey with the Children during yearly visits and must surrender all of his passports to a third party for the duration of the visit. Petitioner must provide at least two (2) months' written e-mail notice to Respondent of his request for in-person visitation, and Respondent shall not unreasonably withhold consent to any such request.

- **U.S. Passports**: Petitioner shall complete U.S. State Department Form DS-3053 (Statement of Consent for Issuing a Passport to a Child) and any other documentation necessary for the Children to obtain U.S. passports. Petitioner shall send Respondent a notarized copy of the completed DS-3053 form and any other documentation necessary for the Children to obtain U.S. passports no later than August 1, 2023. Upon obtaining the Children's U.S. passports, Respondent shall retain custody and control of such passports. Petitioner shall also, by August 1, 2023, ship to Respondent the Children's passports (expired or active) in his control ▮▮▮▮▮▮▮▮▮▮

1 of 2

RM

EJ

███████████████████████████████████████████ via a secure mailing service, with signature required for receipt.

- **Hague Petition**: Upon the signing of this Agreement, Petitioner shall dismiss with prejudice the Hague Convention Petition filed in the above-captioned matter.

- **Enforcement**: The U.S. District Court for the Southern District of New York shall have jurisdiction over this Agreement and any dispute arising therefrom, until the finalization of the Parties' divorce proceedings in Japan.

Dated: June 27, 2023

Signed:

*/s/ Robert Ryuichi Mitsugi*
Robert Ryuichi Mitsugi
Petitioner

*/s/ Eunji Jung*
Eunji Jung
Respondent

2 of 2

RM